# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

DANIEL ROSARIO-GONZALEZ,

  Plaintiff,

v.

DEPARTMENT OF VETERAN AFFAIRS,

  Defendant.

Civil No. 16-2824 (ADC)

## ORDER

Before the Court is the United States of America's ("defendant") motion to dismiss for lack of personal jurisdiction and insufficient service of process under Fed. R. Civ. P. 12(b). **ECF No. 14**. Plaintiff Daniel Rosario-Gónzalez ("plaintiff"), who appears pro se, does not oppose defendant's motion, and instead requests that the case be remanded to the Puerto Rico Court of First Instance, Bayamón Part. **ECF Nos. 17, 48**. For the reasons discussed below, defendant's motion to dismiss, **ECF No. 14,** and plaintiff's request for remand, **ECF Nos. 17, 48,** are denied, the service of process in question is quashed, and plaintiff is ordered to complete service of process within ninety (90) days from the date of issuance of this Order.

**I. Factual and Procedural Background**

On September 7, 2016, plaintiff filed a complaint before the Puerto Rico Court of First Instance, Bayamón Part ("Commonwealth Court"). **ECF No. 15**. The complaint entails a tort claim against the United States of America for damages arising from the allegedly wrongful death of plaintiff's veteran father due to alleged medical malpractice committed at the Veterans

Administration Caribbean Health Center System in San Juan, Puerto Rico. *Id*. On October 13, 2016, defendant removed the case to this Court pursuant to the Federal Officer Removal Statute, 28 U.S.C. §§ 1442(a)(1).

As it turns out, the instant case is a re-filing of plaintiff's prior tort claim *in Daniel Rosario-González, et al., v. United States of America, et al.*, No. 09-cv-2200 (DRD).[1] After extensive proceedings in the aforementioned case, including an appeal of the summary judgment that was granted in favor of the United States of America and subsequently remanded by the First Circuit Court of Appeals regarding the tort claim object of the instant case,[2] plaintiff filed a notice of voluntary dismissal on April 21, 2016. **ECF No. 7**; Civ. No. 09-2200 **ECF No. 769**. The District Court dismissed the case without prejudice. **ECF No. 7**; Civ. No. 09-2200 **ECF Nos. 779, 780.**

In the case at hand, defendant's motion to dismiss:

is predicated in the lack of personal jurisdiction for failure to effect proper service within the time limit afforded by the Federal Rules of Civil Procedure and for failure to serve the Attorney General[,] and although plaintiff "served" the United States Attorney with the complaint, there was no summons and the exhibits were not included; and the plaintiff personally served the complaint on the United States Attorney, contrary to the procedure not only in local courts but also in federal court.

---

[1] In that case, the District Court of Puerto Rico consolidated two other related claims that plaintiff filed later—Civ. Nos. 12-1201 (DRD) and 12-1208 (SEC). **ECF No. 7**. Moreover, the Court notes that plaintiff had previously filed other related claims before the District Court of Puerto Rico, including the following: Civ. Nos. 08-1836 (RLA); 08-1837 (CCC); 08-1838 (RLA), and 08-2213 (GAG/CVR). Those cases were dismissed for failure to exhaust administrative remedies, lack of subject matter jurisdiction, and/or lack of diversity jurisdiction. See Civ. No. 09-2200, **ECF No. 458** at 3-5.

[2] *Rosario González, et al., v. United States, et al.*, 544 Fed. Appx. 5 (1st Cir. 2013), affirming in part and vacating in part the District Court's judgment. Based on an interpretation of the "deemed denial" provision of the Federal Tort Claim Act's regulation regarding administrative-remedy exhaustion, 28 C.F.R. § 14.2(c), the First Circuit vacated the summary dismissal of plaintiff's tort claim and remanded the case to the District Court.

**ECF No. 30** at 3. As mentioned above, plaintiff has not opposed the motion to dismiss. On the contrary, he requests that the Court grant the dismissal of the case without prejudice and remand the case to Commonwealth Court, where he wishes to continue to litigate his claim. **ECF Nos. 17, 48.**

## II. Standard of Law

Fed. R. Civ. P. 12(b)(5) ("Rule 12(b)(5)") provides for dismissal when a defendant challenges "the mode of delivery or the lack of delivery of the summons and complaint." Charles Alan Wright et al., 5B Fed. Prac. & Proc. § 1353 (3d ed., April 2017 Update). Thus, if the challenge is in "the manner in which [the] process or service of process was performed," the same is analyzed pursuant to Rule 12(b)(5). *González v. Ritz Carlton Hotel Co. of Puerto Rico*, 241 F. Supp.2d 142, 147 (D.P.R. 2003); *see also Boateng v. Inter American Univ. of Puerto Rico*, 188 F.R.D. 26, 27 (D.P.R. 1999). Further, "[t]he burden of proof to establish proper service of process [is] upon plaintiffs." *Sáez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n. 2 (1st Cir. 1986); *see also Bolívar v. Director of the FBI*, 846 F. Supp. 163, 166 (D.P.R. 1994).

Generally, rules pertaining to service of process are construed liberally in the interest of doing substantial justice, to further the purpose of finding personal jurisdiction in cases in which a party has received actual notice. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); Charles Alan Wright et al., 4A Fed. Prac. & Proc. § 1083 (4th ed., April 2017 Update). In case of lack of effective service of process, district courts possess broad discretion to either dismiss the action without prejudice or retain the case and quash the service made upon

defendants. Fed. R. Civ. P. 4(m); *Torres v. Junta de Gobierno de Servicio de Emergencia*, 91 F. Supp.3d 243, 248 (D.P.R. 2015). Dismissal of a claim for ineffective service is inappropriate when there are "reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant." *Ramírez de Arellano v. Colloides Naturels International,* 236 F.R.D. 83, 85, n. 4 (D.P.R. 2006) (internal quotation marks and citations omitted). Accordingly, "if the first service of process in a case is ineffective and the defect is curable, the court should treat a motion to dismiss as a motion to quash service of process and retain the case pending effective service of defendant." *Id.* See also *Rivera Otero v. Amgen Manufacturing Limited,* 317 F.R.D. 326 (D.P.R. 2016) (where plaintiff failed to properly serve defendant, the district court, in exercise of discretion, did not dismiss the case as requested by defendant and instead quashed the defective service of process); *Richardson v. Downing*, 209 F.R.D. 283 (D. Mass. 2002) (motion to dismiss for ineffective service of process denied, given that defendant had actual knowledge of the suit for having received copy of summons and complaint).

In a case filed in state court in which service of process took place prior to removal, the Court shall apply state procedural law to determine if the service of process being challenged was sufficient. *Garden Homes, Inc. v. P. Mason*, 238 F.2d 651 (1st Cir. 1956). Furthermore, "*[p]ro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law."

*Arroyo v. Puerto Rico Police Dept.*, 60 F. Supp.3d 327, 331 (D.P.R. 2014) (citing *Eagle Eye Fishing Corp. v. United States Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir. 1994)). Accordingly, a pro se claimant is required to comply with service of process requirements. *Bloem v. Unknown Department of the Interior Employees*, 24 F. Supp.3d 97, 103-105 (D.D.C. 2014).

### III. Discussion

Under the above standards, and inasmuch as plaintiff filed the complaint originally before Commonwealth Court, the Court must first determine whether service of process was effective under the Puerto Rico Rules of Civil Procedure of 2009, as amended, P.R. Laws Ann. tit. 32, Ap. V. ("Puerto Rico Rules"). Puerto Rico Rule 4.3 requires that service of process be made by a marshal or by any person not less than eighteen years of age who can read and write, who is not a party or his/her attorney, and who has no interest in the action. Additionally, Puerto Rico Rule 4.4 requires that the summons and complaint be served together. In this case, the record reveals that when plaintiff filed his complaint before the Commonwealth Court, he did not submit proposed summons. **ECF No. 31-1** at 3. According to defendant, "[p]laintiff hand-delivered to the United States Attorney's Office [a] copy of the above-mentioned [c]omplaint without a summons and without the [e]xhibits mentioned in the [c]omplaint." **ECF No. 14** at 1. Additionally, defendant contends that plaintiff never served process on the Attorney General. *Id*. at 2.

Plaintiff has not opposed or controverted defendant's contentions about defects in the service of process. **ECF No 17**. On the contrary, in his two-paragraph opposition motion, plaintiff

quotes defendant's averments regarding the Court's lack of personal jurisdiction for lack of effective service of process, joins plaintiff in the request for the case's dismissal, and asks that the Court remand the case to Commonwealth Court. *Id*. **ECF No. 17**; see also **ECF No. 48**. Thus, plaintiff has not only failed to meet his burden of proof to establish proper service of process, *Sáez Rivera*, 788 F.2d at 821, but tacitly admits to his non-compliance of the service of process requirements. Consequently, the Court hereby holds that plaintiff's service of process was ineffective due to its non-compliance with fundamental requirements under the Puerto Rico Rules.

Notwithstanding the above, dismissal without prejudice is unwarranted in this case. Under the standards summarized above, given that the first service of process was defective but there are "reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant," *Colloides Naturels International*, 236 F.R.D. at 85, the Court hereby denies defendant's request for dismissal, and instead quashes the service of process in question. See *Rivera Otero*, 317 F.R.D. at 326; *Downing*, 209 F.R.D. at 283. Accordingly, the Court grants plaintiff an additional period of ninety (90) days to complete effective service of process.[3]

---

[3] Specifically, plaintiff shall fully comply with Fed. R. Civ. P. 4(i)(1), which provides as follows:
> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees. (1) *United States.* To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action

Furthermore, plaintiff's request that the case be remanded to Commonwealth Court is hereby denied as well. As correctly stated by defendant in its Notice of Removal, **ECF No. 1**, plaintiff's tort claim against the United States of America for the alleged wrongful death of plaintiff's father and medical malpractice falls under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which provides the exclusive remedy for such a claim. See 28 U.S.C. § 2679; *U.S. v. Smith*, 499 U.S. 160 (1991). What's more, the FTCA grants federal courts exclusive jurisdiction over claims that are covered under said statute. 28 U.S.C. 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 751 (2004). Thus, remanding the case to the Commonwealth Court would be improper, insofar it would be to a court without subject matter jurisdiction over the claim at hand. *Id*.

Finally, in the previous related case, *Daniel Rosario-González, et al., v. United States of America, et al.*, No. 09-cv-2200 (see discussion above), United States Senior District Judge Daniel R. Domínguez ("Judge Domínguez") ordered the following prior to granting plaintiff's request for voluntary dismissal without prejudice:

> [t]he Court is facing a potential case of "judge shopping," a practice that is not tolerated and is subject to monetary fines in this District . . . Because the court has the authority to act in order to conserve the integrity of the Federal Court System, any complaint filed by [p]laintiff under the same set of facts will ultimately be litigated under this Court's supervision once again.

Civ. No. 09-2200, **ECF No. 771** at 1-2. Thus, the Court hereby orders the reassignment of the case

---

challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

to Judge Domínguez for the continuation of proceedings in this case, and expects plaintiff to address the Court with propriety and respect.[4]

## VI. Conclusion

In light of the foregoing:

(i) Defendant's motion to dismiss, **ECF No. 14**, is **DENIED**;

(ii) Plaintiff's service of process is **QUASHED**, and plaintiff is **GRANTED A TERM OF 90 DAYS** from the date of issuance of this Order to complete service of process in full compliance with Fed. R. Civ. P. 4(i)(1);

(iii) Plaintiff's request for remand to the Puerto Rico Court of First Instance, Bayamón Part, **ECF Nos. 17, 48**, is hereby **DENIED**;

(iv) The parties' motions at **ECF Nos. 9, 10, 11, 12, 30** are **DENIED AS MOOT** in light of the holdings contained in this Order; and

---

[4] As stated by Judge Domínguez in the opinion and order adjudicating defendant's motion for summary judgment, "[t]he Court notes that the language used by plaintiffs in their pleadings is offensive, threatening and unwelcome by the Court. Notwithstanding, the Court has overlooked plaintiffs' hostile attitude towards the federal court, and the undersigned when ruling on this matter, as the Court is well aware that plaintiffs are appearing in a *pro se* fashion, and the emotionally justified condition involved after the passing of a parent. However, plaintiffs' litigation conduct remain undesirable and completely unjustifiable." Civ. No. 09-2200, **ECF No. 771** at 458. Plaintiff has continued to address the Court and defendant inappropriately in the instant case, and such conduct will not be tolerated any further.

(v)　　**THE CLERK OF THE COURT SHALL REASSIGN THE CASE** to U.S. Senior District Judge Daniel R. Domínguez

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

　　　　　　　　　　　　　　　　　　　　　　**S/AIDA M. DELGADO-COLÓN**
　　　　　　　　　　　　　　　　　　　　　　**Chief United States District Judge**